## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **RORY CONNOLLY,** | ) | **CASE NO. 4:20 CV 518** |
| | ) | |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **WARDEN MARK K. WILLIAMS,** | ) | |
| | ) | |
| Respondent. | ) | |

### Background

*Pro se* Petitioner Rory Connolly, a federal prisoner incarcerated at FCI Elkton, has filed a Petition for a Writ of *Habeas Corpus* Under 28 U.S.C. § 2241. (Doc. No. 1.) His Petition challenges disciplinary sanctions, including the loss of 41 days of good time credit, imposed on him in connection with a 2018 DHO Incident Report charging him with possession of a cell phone.

Petitioner was issued a copy of a DHO Incident Report charging him with the infraction in September 2018. A DHO hearing was held on October 25, 2018. Petitioner admitted, and was found guilty of, the violation.

Petitioner, however, was not provided with a copy of the DHO Report until September 25, 2019, after he filed his BP-10 Administrative Appeal of the DHO decision in August 2019.

(Doc. No. 1 at 7; Doc. 1-2 at 2.) The DHO's decision was upheld following Petitioner's appeal through the Bureau of Prison's (BOP's) Administrative Remedy Procedures.

Contending his due process rights were violated by the "Delayed Receipt of the DHO Findings," he seeks relief under § 2241 expunging the Incident Report and reinstating his good time credit. (Doc. No. 1 at 7, 8.)

## Standard of Review and Discussion

Federal district courts conduct an initial review of *habeas corpus* petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must dismiss a petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

Upon review, the Court must dismiss the Petition.

When a federal prisoner is subject to a disciplinary proceeding that results in the loss of good conduct credit, the prisoner is guaranteed procedural due process by: (1) written notice of the charges provided at least 24 hours in advance of the disciplinary hearing; (2) disclosure of the evidence; (3) the ability to call witnesses and present documentary evidence; (4) a neutral and impartial fact-finder; and (5) a written statement by the fact-finder of the evidence relied upon and the reasons for any disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The BOP's DHO follows a procedure that incorporates these due process protections. *See* 28 C.F.R. § 541.8. Included in the procedures is a requirement that the prisoner receive a copy of the DHO's written decision, which should specify the evidence relied upon by the DHO,

the sanctions imposed, and the reason for the sanctions. 28 C.F.R. § 541.8(h).

Courts have uniformly held, however, that the BOP's delay in providing the DHO's written decision, in an of itself, is not a due process violation unless the prisoner can show that the delay had a prejudicial effect. *See, e.g., Calixto v. Masters*, No. 1: 15 CV 12778, 2016 WL 2600431, at *4 (S.D.W.Va. Mar. 16, 2016) (collecting cases); *Jordan v. Zych*, No. 7:10–CV–00491, 2011 WL 2447937, at *5 (W.D. Va. June 15, 2011) ("even if a prisoner does not receive a DHO report within the prescribed time frame, this delay does not provide a basis for *habeas* relief so long as the delay has no prejudicial effect on the inmate's administrative appeal").

Here, although Petitioner did not receive a copy of the DHO's report until September 25, 2019, the delay did not have a prejudicial effect as he was able to, and did, appeal the DHO's decision through the BOP's Administrative Remedy Procedures. *See Griffin v. Ebbert*, No. 3: CV-07-2239, 2014 WL 3405851, at *7–8 (M.D.Pa. July 11, 2014) ("even if Mr. Griffin did not receive a hard copy of the DHO's report until August 18, 2008, he has failed to allege any harm or prejudice as a result of this delay" as well able to file "an administrative appeal, even without receipt of the DHO report").

Further, any delay in addressing the merits of his appeal that was caused by the BOP's non-compliance with its procedures or his delayed receipt of the DHO's report did not in any way extend, or even potentially extend, the length of his confinement. The good time credit Petitioner challenges is 41 days, but BOP inmate records show that Petitioner is not scheduled for release until November 4, 2023. *See, e.g., Pinson v. Berkebile*, 528 F. App'x 822, 827 (10th Cir. 2013) ("[d]espite the three to four year delay in receiving a DHO form, Petitioner is not

-3-

prejudiced in light of the length of time remaining before his projected release date in 2025"); *Calixto*, 2016 WL 2600431, at *4 (although the BOP failed to provide timely written notice of a DHO decision, petitioner was not prejudiced because the delay did not extend or potentially extend the length of his confinement).

### Conclusion

Accordingly, the Petition on its face does not assert a colorable due process claim and is dismissed pursuant to pursuant to § 2243 and Rule 4 of the Rules Governing *Habeas Corpus* Cases. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 /s/ 6/17/2020
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE